IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX CRUZ MARTINEZ,<br><br>                Petitioner,<br>   v.<br><br>WARDEN L.E. SCRIBER,<br><br>                Respondent. | 06-cv-0656 AWI JMD HC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 . The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On December 12, 2008, the Magistrate Judge filed Findings and Recommendations that recommended the petition be denied. These Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. After receiving an extension of time, on January 26, 2009, Petitioner filed objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper analysis. Based on the

objections, the court briefly adds the additional analysis below. Because the facts and arguments are known to the parties and addressed in the Findings and Recommendation, they will not be repeated here.

Petitioner's objections primarily concern the introduction of Witness Rodriguez's testimony at trial, along with his two prior statements to police. Each time, Rodriguez gave a different version of events. In the second interview with police, Rodriguez implicated Plaintiff. Petitioner contends that Witness Rodriguez's interviews should not be admitted because they were coerced. As explained by the Magistrate Judge, Petitioner is entitled to habeas corpus relief *only* if Petitioner can show that the trial court's admission of Rodriguez's "testimony rendered the trial so fundamentally unfair as to violate due process." Williams v. Woodford, 384 F.3d 567, 593 (9th Cir. 2004). Here, the court agrees that the California courts' finding that due process was not violated is not contrary to clearly established federal law.

There was a break in the causal chain between the first, and possible coercive interview, and the second interview. An earlier interrogation in violation of the Constitution does not always require the suppression of a latter statement. See Garvin v. Farmon 258 F.3d 951, 955 (9th Cir. 2001). In Garvin, the Ninth Circuit applied the deferential habeas corpus standard and upheld the state court finding of voluntariness of a second confession despite false statements and coercive tactics, including ignoring invocation of counsel three days earlier. The court emphasized the defendant's criminal sophistication, apparent motivation to clear her conscience, access to inmates and a friend during the three-day period, and her initiation of the second interview, which was preceded by a Miranda waiver. Id. at 957.

Petitioner attempts to distinguish Garvin and related cases because the statements from the earlier interviews in these cases were not introduced into evidence in Garvin. In this case, both of the interviews were introduced, along with Rodriguez's trial testimony. Petitioner is correct that Garvin's facts and the facts of related cases are different in that the interviews in these cases were not introduced into evidence. However, in this case, unlike the other cases, Rodriguez testified differently at trial than he did in both interviews. Petitioner has cited no case

2

in which the interviews were not introduced where the witnesses testified differently at trial. Under AEDPA the court cannot find the state courts' finding that the introduction of Rodriguez's interviews was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d).

In addition, the state courts made certain factual findings about the second interview. In finding the lack of a causal chain between the first and second interviews, the California courts clearly made certain factual findings. A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). The court may not overturn state factual findings "absent clear and convincing evidence" that they are "objectively unreasonable." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007). There is no such clear and convincing evidence in this case.

The court adopts the Findings and Recommendation in full with the additional analysis provided in this order. As to those objections not addressed specifically in this order, the court finds that the Findings and Recommendation adequately address Petitioner's objections and no further discussion is necessary. Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued December 12, 2008, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED with prejudice; and
3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated: **April 16, 2009**            /s/ Anthony W. Ishii
                                     CHIEF UNITED STATES DISTRICT JUDGE

3