IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **FELIX CRUZ MARTINEZ,** | ) | 06-cv-0656 AWI JMD HC |
| Petitioner, | ) ) | **ORDER GRANTING MOTION FOR** |
| v. | ) | **AN ISSUANCE OF A CERTIFICATE** |
| | ) | **OF APPEALABILITY** |
| **WARDEN L.E. SCRIBER,** | ) ) | (Document # 26) |
| Respondent. | ) ) | |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 12, 2008, the Magistrate Judge filed Findings and Recommendations that recommended the petition be denied. On April 17, 2009, the court adopted the Findings and Recommendations and denied the petition for writ of habeas corpus. On May 15, 2009, Petitioner filed a motion for the court to issue a a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person

> charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.

In the present case the court finds that reasonable jurists might disagree with the court's determinations on the merits of Petitioner's claims. Reasonable jurists could debate whether the state court's determination that the second interview with witness Abraham Rodriguez was not coerced was an unreasonable determination of the facts in light of the evidence. Reasonable jurists could debate whether the state court's determination that the introduction of both interviews did not render Petitioner's "trial so fundamentally unfair as to violate due process." See Williams v. Woodford, 384 F.3d 567, 593 (9th Cir. 2004).

The court GRANTS Petitioner's request for a certificate of appealability. Petitioner is GRANTED a certificate of appealability on the issue of whether the state court's finding that the admission of witness Rodriguez's interviews into evidence did not render Petitioner's trial so fundamentally unfair as to violate Petitioner's right to due process was a finding contrary to or an "unreasonable application" of federal law. See 28 U.S.C. § 2254(d)(2); Lockyer v. Andrade, 538 U.S. 63, 73-76 (2003); Williams v. Taylor, 529 U.S. 362, 413-14 (2000). Petitioner is also

GRANTED a certificate of appealability on the sub-issues of whether the state court's finding that witness Rodriguez's second interview was not coerced and the state court's finding that witness Rodriguez's coerced testimony did not prejudice Petitioner were unreasonable determinations of the facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254(d)(2); <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003).

The court HEREBY ORDERS that:

1. A certificate of appealability SHALL be ISSUED; and
2. The Clerk of the Court is DIRECTED to forward the appeal to the Ninth Circuit upon receipt of a notice of appeal.

IT IS SO ORDERED.

**Dated:   May 27, 2009**           /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE